UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ANFERNEE DEAN,<br><br>Plaintiff,<br><br>v.<br><br>ERIC SEGOVIA, et al.,<br><br>Defendants. | CAUSE NO. 1:24-CV-217-CCB-SJF |

OPINION AND ORDER

Anfernee Dean, a prisoner without a lawyer, filed a complaint against two defendants. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Dean, who is housed at the Allen County Jail, alleges that, at about 5:00 p.m. on March 23, 2023, he asked Correctional Officer Eric Segovia for a new food tray because he found hair in his food. ECF 1 at 2. Because Officer Segovia refused to replace his food tray, Dean asked to speak to a sergeant, but Officer Segovia told Dean the sergeant was busy. *Id*. Officer Segovia then shoved the chuck hole shut knowing that he was pinching Dean's fingers. *Id*. Dean screamed that he was in pain and Officer Segovia responded by

stating "then move your stupid mother f***** hand." *Id*. Officer Segovia then pulled out a can of mace and told Dean to "move [and let him] close the chuck hole." *Id*.

Following the incident, Dean asserts he asked Officer Segovia for medical treatment because his fingers had been badly injured and he was in extreme pain. *Id*. Officer Segovia told Dean to fill out a medical request form and said he was not going to help Dean. *Id*. He asserts he did not receive medical treatment until a week later when he was given pain medication, and an x-ray was taken of his hand. *Id*. at 2-3. Dean asserts his pain has not gotten any better and he cannot write or use his hand properly. *Id*.

Dean is a pretrial detainee, so his claims must be analyzed under the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). Nevertheless, the Fourteenth Amendment prohibits "punishment" of pretrial detainees. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). To establish an excessive force claim under the Fourteenth Amendment, the plaintiff must allege that "the force purposefully or knowingly used against him was objectively unreasonable." *Kingsley*, 576 U.S. 396-97. In determining whether force was objectively unreasonable, courts consider such factors as the relationship between the need for force and the amount of force that was used, the extent of any injuries the plaintiff suffered, and the severity of the security problem. *Id*. at 397. Here, Dean plausibly

alleges that Officer Segovia used objectively unreasonable force against him. He may proceed on this claim.

Dean also claims he was denied adequate medical care following the March 23, 2023, incident. ECF 1 at 2-3. Pretrial detainees are entitled to adequate medical care under the Fourteenth Amendment. *Miranda*, 900 F.3d at 353-54. To establish a violation of the right to adequate medical care, a pretrial detainee must allege: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's] medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty., Illinois*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). Here, it can plausibly be inferred that Officer Segovia's refusal to help Dean obtain necessary medical treatment was objectively unreasonable. He may proceed on this claim.

Dean has also named Allen County Sheriff Troy Hershburger as a defendant. The sheriff cannot be held liable under 42 U.S.C. § 1983 for his employee's actions just because he oversees the jail. *See Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Instead, he must have some personal involvement. *See Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019) (discussing standard for supervisory liability under § 1983). Because there is no basis in the complaint to infer Sheriff Hershburger was personally involved in the alleged use of force, he will be dismissed.

For these reasons, the court:

(1) GRANTS Anfernee Dean leave to proceed against Correctional Officer Eric Segovia in his individual capacity for compensatory and punitive damages for using objectively unreasonable force when he shoved the chuck hole shut pinching Dean's fingers unnecessarily on March 23, 2023, in violation of the Fourteenth Amendment;

(2) GRANTS Anfernee Dean leave to proceed against Correctional Officer Eric Segovia in his individual capacity for compensatory and punitive damages for denying him necessary medical treatment on March 23, 2023, in violation of the Fourteenth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Allen County Sheriff Troy Hershburger;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Correctional Officer Eric Segovia at the Allen County Jail, with a copy of this order and the complaint (ECF 1);

(6) ORDERS Allen County Jail to provide the full name, date of birth, and last known home address of the defendant, if he does not waive service, if it has such information; and

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), Correctional Officer Eric Segovia to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 18, 2024

                                            s/ Cristal C. Brisco
                                            JUDGE
                                            UNITED STATES DISTRICT COURT